
**FILED**
**JULY 8, 2010**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION
_____

| | |
|---|---|
| WILLIE G. WALKER, PRO SE, § <br> also known as § <br> WILLIE GEORGE WALKER, § <br> TDCJ-CID No. 1245920, § <br> Previous TDCJ-CID No. 420030, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> WILLIAM BRADSHAW ET AL., § <br> § <br> Defendant. § | 2:09-CV-0243 |

**ORDER OF DISMISSAL**

Plaintiff WILLIE G. WALKER, while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, section 1983 complaining against Assistant Warden WILLIAM BRADSHAW, Dr. LENZ, and Head Warden ZELLER, all at the TDCJ-CID Dalhart Unit, and has been granted permission to proceed *in forma pauperis*.

On June14, 2010, a Report and Recommendation was issued by the United States Magistrate Judge recommending dismissal for failure to state a claim on which relief can be granted.

Plaintiff filed his Objections on June 23, 2010. By these Objections, plaintiff states his "complaints is that wasn't getting propose/care I need when to the Northwest healthcare center in Amarillo, TX 79101 where the P.A. from Dalhart Unit Infirmy she seen me sweat roll off me [sic et passim]." To the extent plaintiff is complaining of the medical care he received, his original and amended complaints make plain that he was seen by a nurse at the Dalhart Unit infirmary when he

started sweating profusely and feeling ill.  He was transported to a hospital in Dalhart and then was transferred to Northwest Hospital in Amarillo where he clearly received some kind of tests and was kept in ICU for several days.  He was then housed at the Clements Unit.  He apparently feels he should have been taken back to the Dalhart Unit sooner.

Assuming these constitute plaintiff's claims, plaintiff does not indicate how any of the defendants was responsible for any act or omission and he does not allege any act or omission which, on its face, constitutes a violation of his constitutional rights.  Critically, plaintiff does not state any one or more of the named defendants performed or was responsible for any act or omission that occurred.

The events plaintiff has recounted do not show any aspect of his medical care was constitutionally defective[1] or that he suffered any other constitutional injury.  Additionally, plaintiff has not alleged any of the defendants was responsible for his temporary assignment to the Clements Unit and the Court notes that, in any event, an inmate has no constitutionally protected right to be housed at the unit of his choice.  "Inmates have no constitutional right to be housed in a particular prison facility, *Meachum v. Fano,* 427 U.S. 215, 225, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); *Yates v. Stalder,* 217 F.3d 332, 334 (5th Cir.2000), and preferred housing is not an interest protected by due process, *see Taylor v. Jagers,* 115 Fed. App'x 682, 684 (5th Cir.2004); *Williams v. Faulkner,* 837 F.2d 304, 309 (7th Cir.1988); *O'Callaghan v. Anderson,* 514 F.Supp. 765, 768 (M.D.Pa.1981).

Consequently, plaintiff has failed to state a claim on which relief can be granted and any claim based on his temporary assignment to the Clements Unit lacks an arguable basis in law and is frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

---

[1] If there was some defect in the medical care given plaintiff, which defect plaintiff has not clearly identified, even negligent medical care will not support a claim under section 1983.  *Mendoza v. Lynaugh,* 989 F.2d 191, 195 (5th Cir. 1993).

The Court has made an independent examination of the records in this case and has examined the Magistrate Judge's Report and Recommendation, as well as the Objections filed by the plaintiff.

The Court is of the opinion that the objections of the plaintiff should be OVERRULED and the Report and Recommendation of the United States Magistrate Judge should be ADOPTED by the United States District Court, as supplemented herein.

This Court, therefore, does OVERRULE plaintiff's objections, and does hereby ADOPT the Report and Recommendation of the United States Magistrate Judge, as supplemented herein.

IT IS THEREFORE ORDERED that the Civil Rights Complaint by WILLIE G. WALKER is DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

The Clerk shall send a copy of this order to plaintiff and to any attorney of record. The Clerk shall also mail copies of this order to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

Signed this the 8th day of July, 2010.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
United States District Judge